(30 Misc. Rep. 437.)

## CONNOR v. LITHAUER.

(Supreme Court, Appellate Term. February 8, 1900.)

CONVERSION—IDENTITY OF PROPERTY—EVIDENCE.

    Plaintiff's salesman, who was uncontradicted, testified that a barrel of whisky seized by defendant, an officer, as the property of H., was delivered to him to be sold for plaintiff's account, and was to remain plaintiff's property until sold. The revenue stamps on the barrel, while in the officer's possession, were unbroken, and less than a gallon had been taken out, and, though one witness testified that five and a half gallons had been removed, he also stated the barrel was tight when he opened it. It was admitted that the barrel consigned to H. was the same as that seized, and there was no evidence as to its condition at the time of seizure. *Held* that,

since to have changed the contents without destroying the stamps would have been a crime, the evidence sufficiently proved the identity of the goods to entitle plaintiff to recover for their conversion.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Charles Connor against Edward L. Lithauer to recover the value of a barrel of whisky converted by defendant. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

La Fetra & Glaze, for appellant.
Martin & Weil, for respondent.

MacLEAN, J. The plaintiff, a wholesale liquor dealer, according to the testimony of a salesman and a bookkeeper, delivered a barrel of whisky to one Hemple on consignment,—i. e. to be sold for the account of the plaintiff,—the whisky remaining the property of the plaintiff until sold, and the quantity said to be determined from time to time by an inspecting gauger. The defendant, a marshal, acting under process against Hemple, seized the barrel, with its contents, whatever they were, while in Hemple's possession, and sold both barrel and contents. For such seizure and sale was brought this action in conversion. It was testified to for the plaintiff that the stamps on the barrel, while in the marshal's possession at the auction rooms, were intact, and that less than a gallon had been taken from the original quantity (46.81 gallons), a wantage which might have been accounted for by the tests. On the other hand, a person who went to the sale to buy testified that he examined the barrel, and found there were five and a half gallons out, and that the proof of the goods was 90 per cent. He went to gauge it. Afterwards, on being asked on cross-examination whether it had been opened, he answered: "No. I think I took a bung-starter, and opened it. The barrel was tight. It was bunged up, but it must have been opened before, otherwise there would have been nothing out." He did not know, however, the original contents of the barrel. Neither the marshal, nor any one on his behalf, testified to the condition of the barrel at the time of the seizure, and as to whether it had been broached or tampered with. On this, the defendant recovered judgment according to his contention that the plaintiff had not proved ownership of the barrel and the identity of its contents. There was, however, no impeachment of the fact of delivery "on consignment," and the inference of identity was too strong to be disregarded; for not only was the barrel itself confessedly the same, but the contents were presumably so, inasmuch as any one emptying the barrel without effacing the stamps would have been liable, as for a felony, to a fine of not less than $500 nor more than $10,000, and imprisonment for not less than one nor more than five years (Rev. St. U. S. § 3324), and any one changing the contents for the purpose of selling other spirits would have been liable to forfeit $200 and to suffer a fine of not less than $100 or more than $1,000, and imprisonment for not less than

a month nor more than a year (section 3326). The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurring. LEVENTRITT, J., taking no part.

(30 Misc. Rep. 440.)

### HILL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 8, 1900.)

STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE.

> Plaintiff, who was familiar with a city street, and knew that the cars were frequently passing and repassing thereon, drove along a street-railway track at night for a distance of 300 feet, without looking behind him, and was overtaken by one of defendant's cars, which struck his wagon, and injured his horse and wagon. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from municipal court, borough of Manhattan, Eighth district.

